IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN J. GIESWEIN,
No. 16635-064,

    Petitioner,

    vs.                                     Case No. 18-cv-619-DRH

WILLIAM TRUE,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Shawn J. Gieswein, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## Procedural History

Gieswein was convicted by a jury in 2007, and was sentenced on May 7,

1

2008, to 240 months for being a felon in possession of a firearm, and a concurrent term of 120 months for witness tampering. *United States v. Gieswein*, Case No. 07-cr-120 (W.D. Okla.) (Docs. 85-86, 126, 129 in criminal case). The conviction and sentence were affirmed on direct appeal in 2009. (Doc. 142 in criminal case). Gieswein's first motion under 28 U.S.C. § 2255 was denied, and the denial was affirmed on appeal. (Docs. 171, 183 in criminal case). The Supreme Court denied his petition for *certiorari* on January 14, 2013. (Doc. 186 in criminal case).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Gieswein was granted leave in April 2016 by the 10th Circuit to bring a successive § 2255 motion in the district court. (Doc. 1, p. 4; Doc. 202 in criminal case). On July 25, 2016, the district court granted the § 2255 motion, ruling that one of Gieswein's prior Oklahoma state convictions (for lewd molestation) no longer constituted a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA") after *Johnson* invalidated the residual clause of the ACCA. (Doc. 211 in criminal case). The court determined that Gieswein should be resentenced *de novo*.

On December 14, 2016, Gieswein was resentenced to a total term of 240 months, composed of a 120-month sentence for the firearm possession and 120 months for witness tampering, to be served consecutively. (Doc. 1, p. 4; Doc. 236 in criminal case). He appealed, and at the time Gieswein filed the instant § 2241 Petition, the appeal was still pending before the 10th Circuit. (Doc. 1, p. 2).

On April 16, 2018, the appellate court issued its opinion affirming Gieswein's sentence. (Doc. 268 in criminal case); *United States v. Gieswein*, Nos. 16-6366 & 17-6044, 2018 WL 1789933, \_\_ F.3d \_\_\_ (10th Cir. April 16, 2018). This opinion addresses two of the arguments Gieswein raises in the instant Petition. The appellate court agreed with Gieswein's argument that the district court applied the wrong analysis to conclude that his lewd molestation conviction qualified as a "forcible sex offense" and therefore a "crime of violence" under the United States Sentencing Guidelines ("USSG"). However, in light of the detailed rationale set forth by the sentencing court for imposing an above-guideline sentence (which equaled the statutory maximum), the appellate court determined that the error in calculating the appropriate guideline range was harmless.

### **The Petition**

Gieswein raises 3 grounds for relief: (1) the 240-month total sentence is 2 times longer than the statutory maximum of 120 months for an offense under 18 U.S.C. § 922(g) and USSG § 5G1.2, and the consecutive sentence was improper; (2) the trial court miscalculated the applicable guideline range because it incorrectly counted his prior offenses as crimes of violence; and (3) he is innocent of tampering with a witness, because at the time he spoke with Amber Lovett, she had not been identified as a witness nor was she asked to testify until Gieswein was charged with tampering. (Doc. 1, pp. 6-7).

He asks this Court to resentence him under the correct guideline range and

to dismiss the witness tampering conviction for "lack of a nexus to an official proceeding." (Doc. 1, p. 8).

### Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Gieswein is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an

4

inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Gieswein's Petition meets none of the 3 criteria above. He fails to cite to *any* case that would point to the availability of relief in the context of a § 2241 proceeding, much less a new case of statutory interpretation. Having failed to present any case in support of his claims, he cannot satisfy the second

5

requirement, that the case he relies on applies retroactively and could not have been invoked in his earlier § 2255 motion. Finally, the Petition does not demonstrate any fundamental defect in his conviction or sentence.

While Gieswein does claim that he is innocent of the witness tampering offense, this argument was previously presented in his first § 2255 motion, where the court determined that sufficient evidence existed to support a finding of guilt by a reasonable jury. (Doc. 171, pp. 16-17 in criminal case). The appellate court affirmed that the issue had been procedurally defaulted because Gieswein failed to raise it on direct appeal. (Doc. 183 in criminal case). Nothing in the record or the instant Petition shows that the original § 2255 proceeding was inadequate or ineffective to review the actual innocence claim.

Gieswein asserts that his § 2255 proceeding was "inadequate and ineffective" because the district court (upon resentencing) erred in ruling that the lewd molestation conviction constituted a "crime of violence" that allowed enhancement of his sentence under the USSG, and then sentenced him to the same 240 months as the original sentence. (Doc. 1, pp. 4, 8). This argument is unavailing. Gieswein's successive § 2255 motion (brought in 2016 after *Johnson*) actually yielded a ruling in his favor, because that proceeding invalidated the original 240-month sentence on his firearm possession conviction. As a result, Gieswein secured a new sentencing hearing. The fact that he is dissatisfied with the outcome of his resentencing does not demonstrate any inadequacy or ineffectiveness of the § 2255 procedure that preceded the

6

resentencing.

Gieswein's direct appeal from his resentencing was just decided by the 10th Circuit. The appellate court confirmed that his sentences did not exceed the statutory maximum of 120 months for each count, and that the consecutive sentencing was proper. The court agreed with Gieswein's argument that the district court erroneously used the "circumstance-specific approach" instead of the "categorical approach" to determine whether his lewd molestation conviction could serve as an enhancing offense under the USSG. However, even though the district court miscalculated the guideline range at 92-115 months (instead of the correct 63-78 month range), this procedural error was harmless in light of the entire record, which demonstrated that the court would have imposed the maximum allowable sentence even if it had properly calculated the advisory guideline range.

At this juncture, Gieswein has not exhausted his appellate opportunities, because he may still seek review by the Supreme Court. There is no basis for this Court to address his claims in the context of this § 2241 proceeding.

## Disposition

To summarize, Gieswein has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Gieswein cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

7

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.30
15:56:43 -05'00'

United States District Judge